NORTHERN NATURAL GAS
COMPANY, Petitioner

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent

Semco Energy Gas Company and
Burlington Resources Inc.,
Intervenors.

No. 09–1252.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 17, 2010.

Frank Xavier Kelly, Steve Stojic, Gallagher, Boland and Meiburger, LLP, Washington, DC, J. Gregory Porter, Northern Natural Gas Company, Omaha, NE, for Petitioner.

Robert Michael Kennedy, Jr., Thomas Robert Sheets, General Counsel, Robert Harris Solomon, Esquire, Solicitor, Federal Energy Regulatory Commission (FERC), Office of the Solicitor, Washington, DC, for Respondent.

Neil Lawrence Levy, Ashley Charles Parrish, King & Spalding, LLP, Thomas James Eastment, Baker Botts, LLP, Washington, DC, for Intervenors.

Before: ROGERS and BROWN, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This petition was considered on the record from the Federal Energy Regulatory Commission and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be granted for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

## MEMORANDUM

This case is now before us for a third time. In 2005, Burlington Resources Inc., a natural gas supplier, challenged several FERC orders requiring it to return *ad valorem* taxes collected as part of long-past gas sales between itself and two gas pipelines, Northern Natural Gas Co.—the petitioner here—and Panhandle Eastern Pipe Line Co. *See Burlington Resources Oil & Gas Co. v. FERC ("Burlington I")*, 396 F.3d 405, 406 (D.C.Cir.2005). Although Burlington had reached a settlement agreement with the two pipelines that precluded it from having to return the tax payments, the Commission did not enforce that settlement. We remanded the orders for a more adequate explanation of the Commission's position, noting that the Commission had given effect to similar settlement agreements between the same two pipeline purchasers and other gas suppliers. *See id.* at 406, 412.

On remand, the Commission reaffirmed its orders, distinguishing Burlington's settlement agreement with the two pipelines from the pipelines' settlement agreements with other gas suppliers. We found these distinctions unpersuasive, vacated the orders, and remanded for the Commission to proceed in accordance with the opinion. *See Burlington Resources Oil & Gas Co. v.*

*FERC ("Burlington II")*, 513 F.3d 242, 244 (D.C.Cir.2008). On remand, the Commission ordered the pipelines to refund the disputed taxes to Burlington. *See Burlington Resources Oil & Gas Co.*, 123 FERC ¶ 61,976, at 61,978 (2008). Northern does not challenge this decision. The Commission, however, did not stop there. It also rather gratuitously stated that "the two pipelines may not seek to recover from their customers the amounts of th[e] refunds" to Burlington. *Id.* Northern seeks review of this part of the Commission's order.

FERC explained that *Burlington II* compelled its position on the pipelines' ability to recoup the refund amount from its customers: by enforcing the settlement agreement, the decision necessarily required the pipelines to bear the full burden of the refund. *See Burlington Resources Oil & Gas Co.*, 128 FERC ¶ 61,731, at 61,734–35 (2009). But we only considered whether FERC properly rejected the settlement agreement. Deciding that the Commission did not, *Burlington II* necessarily found that the settlement agreement was a defense to Burlington's liability for the *ad valorem* taxes. Our opinion stopped there, however. We did not address—because we did not have before us—the issue whether the pipelines themselves were liable for the refund, or whether they could pass to their customers the cost of the refund. FERC concedes as much in its brief. *See* Respondent's Brief at 23.

Nevertheless, FERC suggests that a "close analysis" of *Burlington II* demonstrates that in finding the settlement agreement enforceable, the court implicitly decided the recoupment issue. In support, the Commission points to several isolated passages of the opinion. For example, it observes that *Burlington II* stated that the settlement agreement had "no apparent detriments to third parties," *Burlington II*, 513 F.3d at 250, a characteristic that would be lost if the pipelines were able to recoup the refund from its customers. But FERC rather obviously overreads our opinion. The court's reference to "no apparent detriments to third parties," like the other passages the Commission relies on, could not apply to the recoupment issue precisely because that issue was not before the court.[1]

We express no view as to what FERC can or should do in the event the pipelines, in a section 4 proceeding, seek to recoup the refunds from their customers. Because that issue has not yet been presented to FERC, let alone to us, rather than remand, we vacate FERC's order.

---

1. We are rather perplexed that FERC's general counsel, after seeing the petition for review, did not voluntarily seek a remand.